# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON C. STEHR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-10-332-D |

## REPORT AND RECOMMENDATION

Jon C. Stehr ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

## Administrative Proceedings

Plaintiff initiated these proceedings by filing his applications seeking disability insurance benefits and supplemental security income payments in January, 2006 [Tr. 74 - 79 and 80 - 82]. He alleged that back, heart, left shoulder, left arm, and mental conditions resulted in pain, insomnia, anxiety, and problems with memory, bending, and walking, all

of which became disabling as of November 10, 2005 [Tr. 74 - 79, 80 - 82, and 97]. Plaintiff's claims were denied and, at his request, an Administrative Law Judge ("ALJ") conducted a June, 2008 hearing where Plaintiff, who was represented by counsel, testified [Tr. 53 and 18 - 30]. In his August, 2008 decision, the ALJ found that while Plaintiff was unable to perform his past relevant work, he retained the capacity to perform other available work and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 9 - 17]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 3], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claim of Error**

Plaintiff's sole contention on judicial review is that the ALJ's "decision is in error because no explanation is given for the disregard of the opinions of two state agency mental health reviewers that [Plaintiff] cannot engage in work dealing with the general public. But

for this error, a favorable decision would have been issued in the matter." [Doc. No. 20, pp. 3 - 4].[1]

**Analysis**

It is undisputed that the ALJ's RFC[2] assessment [Tr. 13] does not include the restriction against Plaintiff dealing with the general public which was assessed by the State agency psychological consultant [Tr. 225 and 226] and confirmed by a State agency psychiatric consultant [Tr. 259]. Neither does the ALJ's decision reflect his rationale for not including such restriction. The Commissioner alternatively maintains that the ALJ was not required to give credence to the non-examining consultants' opinion but, if he erred by not analyzing the opinion, his error was harmless [Doc. No. 21, pp. 4 - 8].

As to the findings of a State agency psychological consultants, Social Security regulations mandate that "[u]nless the treating source's opinion is given controlling weight, the administrative law judge *must* explain in the decision the weight given to the opinions of a State agency . . . psychological consultant . . . ." 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii) (emphasis added). Here, the ALJ did not identify a treating source whose opinion was given controlling weight; nor does the Commissioner in his brief on judicial review [Doc. No. 21]. Accordingly, the ALJ was bound by Social Security regulation to consider and weigh the opinion evidence. *See* 20 C.F.R. §§ 404.1527(d), 416.1527(d)

---

[1]Unless otherwise indicated, quotations in this report are reproduced verbatim.

[2]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

("Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider [certain prescribed] factors in deciding the weight we give to any medical opinion."). Thus, as Plaintiff maintains, the ALJ committed legal error by failing to address and weigh the opinion of the State agency psychological consultants that Plaintiff should avoid working around the general public.

Alternatively, the Commissioner contends that the ALJ's legal error was harmless [Doc. No. 21, p. 7]. The Tenth Circuit Court of Appeals, however, has cautioned for two reasons against a liberal utilization of the principle of harmless error in Social Security cases. *See Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004). First, it is the responsibility of the ALJ and not the court to find the facts. *Id.* Second, "to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action[.]" *Id.* (citation omitted). The Commissioner's request to apply the harmless error principle requires the court to consider whether this is "the right exceptional circumstance" for the court to supply, or correct, the findings of the administrative tribunal. *Id.*

The Commissioner bases his assertion of harmless error[3] on the fact that "[t]he ALJ decided this case at step five, after finding that the Grids supported a finding of not disabled . . . . A limitation on contact with the general public would not significantly erode the

---

[3]Plaintiff did not respond to the Commissioner's harmless error claim by reply brief.

occupational base for unskilled sedentary work." [Doc. No. 21, p. 7]. In this regard, at the fifth and final step of the sequential process, the ALJ determined as follows:

> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
>
> In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).
>
> If the claimant had the residual functional capacity to perform the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.28. However, the additional limitations have little or no effect on the occupational base of unskilled sedentary work. A finding of "not disabled" is therefore appropriate under the framework of this rule. The claimant is limited to occasional stooping; however, that restriction leaves the sedentary and light occupational base virtually intact. SSR 85-15. A restriction to occasional stooping, only minimally erodes the unskilled occupational base of sedentary work. SSR 96-9p. Likewise limitations on the ability to crawl or kneel have little significance on the broad world of work. SSR 85-15. Moreover, postural restrictions related to such activities as climbing ladders, ropes or scaffolds, balancing, kneeling, crouching or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.

6

[Tr. 15 - 16, bolding omitted]. Accordingly, without relying on vocational testimony, the ALJ applied a Medical-Vocational rule to find that Plaintiff was not disabled at the sedentary exertional level.

The Commissioner promulgated the Medical-Vocational Guidelines – the so-called "grids" – to assist with the burden at step five of the sequential process. *See* 20 C.F.R. Pt. 404, Subpt. P, App.2. "The grids are matrices of the 'four factors identified by Congress – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" *Daniels v. Apfel,* 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62 (1983). "The grids should not be applied conclusively in a particular case unless the claimant [can] perform the full range of work required of that RFC category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range," *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993) (quotation and alteration omitted). Nonetheless, although the presence of nonexertional impairments such as pain can make conclusive reliance on the grids inappropriate, the "mere presence of a nonexertional impairment does not preclude reliance on the grids." *Id.* The nonexertional impairment "must interfere with the ability to work." *Id.*

The Commissioner is correct in urging that the same Social Security Rulings relied upon by the ALJ to find that Plaintiff's nonexerertional limitations have little or no effect on

the occupational base of unskilled sedentary work likewise direct that a nonexertional limitation on working with the general public would not significantly erode the occupational base for unskilled sedentary work. Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, identifies those "mental activities [that] are generally required by competitive, remunerative, unskilled work" and the ability to work with the public is *not* included.[4] *Id.* at * 9.[5] As explained by the second Ruling referenced by the ALJ, SSR 85-15, 1985 WL 56857, unskilled work "ordinarily involve[s] dealing primarily with objects, rather than with data or people[.] *Id.* at 4.

Thus, the undersigned concludes that despite the ALJ's failure to analyze the State psychological consultants' opinion that Plaintiff was precluded from work requiring him to deal with the public, this is "the right exceptional circumstance" in which "to supply a missing dispositive finding under the rubric of harmless error" – that is, a limitation on dealing with the general public with the corresponding conclusion that such a limitation would not significantly erode the unskilled, sedentary occupational base – because no reasonable ALJ, adhering to the aforementioned Rulings of the Social Security Administration and "following the correct analysis, could have resolved the factual matter

---

[4]By contrast, "[r]esponding appropriately to supervision [and] co-workers" are among the mental activities generally required in unskilled work." SSR 96-9p, at * 9.

[5]As to those basic work-related mental activities that *are* required by competitive, unskilled work – for example, the ability to respond "appropriately to supervision, co-workers and usual work situations[,]" SSR 96-9p, at * 9 – "a substantial loss of ability to meet any [such] activities on a sustained basis . . . will substantially erode the unskilled sedentary occupational base[.]" *Id.*

8

in any other way." *Allen,* 357 F.3d at 1145. Plaintiff's inability to work with the general public does not significantly erode the sedentary occupational base and does "interfere with [his] ability to work" at unskilled, sedentary labor. *Thompson,* 987 F.2d at 1488.

**<u>RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT</u>**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be affirmed. The parties are advised of their right to object to this Report and Recommendation by April 13, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 24th day of March, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE